NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUREN AVAGYAN,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　　Respondent. | No.　18-70533<br><br>Agency No. A075-519-291<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019[**]

Before:　FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Suren Avagyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen.  *Singh v. Ashcroft*, 367

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Avagyan's request for oral argument, set forth in his opening brief, is denied.

F.3d 1182, 1185 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Avagyan's untimely and number-barred motion to reopen, where he failed to demonstrate prima facie eligibility for relief to qualify for an exception to the time and number limitations for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA can deny a motion to reopen for failure to establish prima facie eligibility for the relief sought).

We lack jurisdiction to review Avagyan's challenge to the agency's discretionary decision not to reopen proceedings sua sponte, where Avagyan failed to raise a colorable constitutional claim or question of law. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002); *see also Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error."). Avagyan contends that *Ekimian* was wrongly decided, but has identified no basis for revisiting this precedent at this time. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011) ("A three-judge panel cannot reconsider or overrule circuit precedent unless 'an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.'" (citation omitted)).

Avagyan's request for fees and costs under the Equal Access to Justice Act is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**